UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OTIS L. ANDERSON, JR., AND KIMBERLY JUPITER GEASON | CIVIL ACTION |
| VERSUS | NO. 17-10789 |
| GMA GARNET (USA) CORP. | SECTION A(3) |

**ORDER AND REASONS**

Before the Court is **Defendant's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim or, Alternatively, Request for More Definite Statement (Rec. Doc. 7)** filed by Defendant GMA Garnet (USA) Corp. ("GMA"). Plaintiffs Otis L. Anderson, Jr. ("Anderson") and Kimberly Jupiter Geason ("Geason") oppose the motion (Rec. Doc. 12) and Defendant has replied. (Rec. Doc. 15). The motion, set for submission on November 29, 2017, is before the Court on the briefs without oral argument. This matter is set as a bench trial beginning on September 10, 2018 at 9:30 a.m. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the Defendant's motion should be **GRANTED in part** and **DENIED in part** for the reasons set forth below.

**I.    Background**

On September 6, 2016, Plaintiffs Otis Anderson and Kimberly Jupiter Geason were terminated from their employment with Defendant GMA. (Rec. Doc. 1-3, p. 8, ¶¶ 18–19). At the time, Anderson was employed as a Recycle Plant Supervisor while Geason was employed as a Logistics Coordinator. *Id.* Thereafter, on September 5, 2017, Plaintiffs filed a Petition for Damages in the 40th Judicial District Court for St. John the Baptist Parish, Louisiana. (Rec. Doc. 1-3). Plaintiffs' second cause of action alleges GMA engaged in discrimination in direct violation

of Louisiana Revised Statutes 23:301 *et seq*. (Rec. Doc. 1-3, p. 8–10, ¶¶ 17–29).[1] Plaintiffs' particular allegations state that "there was an environment of racial discrimination at the GMA facility in Reserve, LA where [Plaintiffs] were employed, and that [Plaintiffs] regularly experienced disparate treatment as compared to their White counterparts." *Id.* at ¶ 20. In their Complaint, Plaintiffs provide the following non-exclusive list of examples of alleged disparate treatment on the part of GMA:

A. Black employees of GMA were denied overtime opportunities, while White employees received overtime hours.

B. Black employees' requests for paid time off (PTO) could take up to thirty (30) days for approval, whereas a White employee routinely had PTO requests approved on the same day in contravention of company policy requiring PTO requests be made seven (7) days in advance. White employees were not required to follow the PTO request guidelines when Black employees were.

C. Black employees were required to submit to "random" drug screens more frequently than White employees and/or White employees were given notice of when a "random" drug screening would be taking place, giving White employees the opportunity to "prepare" for passing a drug screening.

D. White employees were not held to the same rules as Black employees following workplace accidents.

E. White employees were regularly allowed to disregard the company cell phone policy without facing disciplinary action.

F. Plaintiff Otis Anderson was held responsible for failures that fell under the responsibility of a White Supervisor.

G. Plaintiff Kimberly Jupiter Geason addressed a letter of complaint to defendant GMA citing the disparate treatment she felt she was experiencing, specifically asking why African American employees were being treated differently than White Employees, however no response was given and none of the issues were addressed by defendant GMA.

H. During the tornados that hit LaPlace in 2016, Plaintiff Kimberly Jupiter Geason requested to leave early so that she could pick up her child from school and take him home when school was closed for the weather emergency, and she was told

---

[1] Plaintiffs' first cause of action alleges "Retaliation for Asserting Claims for Workers' Compensation Benefits" on the part of GMA. However, GMA does not address Plaintiffs' first cause of action in this motion.

> she was not allowed to leave, but a White male employee was allowed to leave early on the same day.

*Id.* Both Anderson and Geason additionally allege their discharge was made on the basis of their race, and in the case of Geason, on the basis of her sex as well. *Id.* at ¶ 26.

On October 18, 2017, Defendant GMA removed this action from state district court to this Court pursuant to 28 U.S.C. 1441 and 1446 on the basis that this Court has diversity jurisdiction under 28 U.S.C. 1332. (Rec. Doc. 1). Thereafter, on November 8, 2017, GMA filed the instant motion pursuant to Federal Rule of Civil Procedure 12(b)(6) contending that Plaintiffs have failed to state a claim for which relief can be granted. (Rec. Doc. 7). GMA seeks to dismiss the Plaintiffs' claims under the Louisiana Employment Discrimination Law, or alternatively, requests a more definite statement. The parties' respective arguments are discussed below.

## II. Legal Standard

In the context of a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in a light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its

face." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 678).

### III. Law and Analysis

Plaintiffs claim that Defendant violated Louisiana's intentional discrimination in employment statute, which provides, in relevant part:

> A. It shall be unlawful discrimination in employment for an employer to engage in any of the following practices:
> (1) Intentionally fail or refuse to hire or to discharge any individual, or otherwise to intentionally discriminate against any individual with respect to compensation, or terms, conditions, or privileges of employment, because of the individual's race, color, religion, sex, or national origin.

La. R.S. § 23:332(A)(1). Claims under the Louisiana Employment Discrimination Law (LEDL) are subject to the same analysis of discrimination claims under federal Title VII of the Civil Rights Act of 1964. *Knapper v. Hibernia Nat. Bank*, 2009-1036 (La. App. 4 Cir. 9/8/10); 49 So.3d 898, n. 11. To sufficiently plead a racial discrimination claim under Title VII, the Plaintiffs must allege that (1) they were members of a protected class, (2) they were qualified for their respective positions, (3) they suffered an adverse employment action, and (4) they were replaced by someone outside of the protected class or that they were treated less favorably than other similarly situated employees outside of the protected group. *Ekaidi v. Board of Supervisors of the Southern University System*, No. 16-7523, 2017 WL 699821, at *5 (E.D. La. 2017) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (per curiam); *see also Paske v. Fitzgerald*, 785 F.3d 977, 985 (5th Cir. 2015)).

The crux of Defendant's argument contends that Plaintiffs have failed to sufficiently plead the fourth element of a racial discrimination claim—that Plaintiffs were replaced by someone outside of the protected class or that others similarly situated were more favorably treated. (Rec. Doc. 7-1, p. 6). Defendant argues that Plaintiffs "do not identify any comparators, do not allege how any comparators were similarly situated, and do not state how any allegedly disparate treatment resulted from illegal discrimination rather than legitimate, non-discriminatory criteria." (Rec. Doc. 7-1, p. 2). Defendant contends that Plaintiffs' allegations are merely abstract impressions that white employees are treated more favorably than black employees. Defendant claims that if Plaintiffs had a plausible claim for relief then the necessary facts to sufficiently state a claim for relief, such as the names of the specific comparators, would "be at their fingertips." (Rec. Doc. 7-1, p. 8).

In their opposition, Plaintiffs contend that they have pleaded a plausible claim for race and sex discrimination, and that Defendant's motion is meritless in that the case law cited throughout its memorandum is misstated and mischaracterized. (Rec. Doc. 12). Plaintiffs alternatively ask that if the Court is inclined to grant Defendant's motion, then Plaintiffs be given leave to amend their Complaint to sufficiently state a legally cognizable cause of action against Defendant. *Id.* at p. 10.

In effect, Plaintiffs request this matter be allowed to proceed to the discovery stage of litigation as pleaded. Plaintiffs argue that through discovery the specific facts of their allegations will be uncovered—such as the "replacements that were hired following termination, the names of all comparators, [and] specific dates to attach to the activities and practices that were alleged. . . ." (Rec. Doc. 12, p. 5). However, such a request is precisely the sort of fishing expedition the Supreme Court warned of in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557–58 (2007).

By allowing this matter to proceed into the discovery phase based on the factual allegations Plaintiffs' current claim for relief—i.e., without the specific names of potential comparators and alleged dates of the discriminatory acts—Defendant would face an unfairly burdensome task. For instance, Plaintiffs' first example of disparate treatment states, "Black employees of [Defendant] were denied overtime opportunities, while White employees received overtime hours." (Rec. Doc. 1-3, p. 8, ¶ 20). A discovery request on such a matter would require Defendant to produce all documents relating to all employees, black or white, who have ever requested overtime hours. Thus, the Court finds that allowing this matter to proceed to the next stage of litigation without a more definite statement from Plaintiffs may prejudice the Defendant in answering and defending the lawsuit.

The Court acknowledges that Plaintiffs' allegations in paragraphs (F), (G), and (H) plead acts of disparate treatment with more factual detail than the preceding paragraphs. *See supra* pp. 2–3. While these three allegations provide singular instances of possible disparate treatment, they do not provide sufficient details of which similarly situated employees replaced Plaintiffs. Nor do each of the allegations provide sufficient details of which employees were similarly situated and how those employees were more favorably treated. If Plaintiffs are convinced that their claims have merit, they should have no problem providing additional detailed facts surrounding these alleged instances of disparate treatment.

While Defendant's 12(b)(6) motion to dismiss is denied, the Court will grant Defendant's request for a more definite statement. This is not a case in which the Court feels the necessary absence of a potential cause of action, but finds that "justice so requires" leave of Court for Plaintiffs to amend their Complaint. The Court will afford Plaintiffs fourteen (14) days to file their amended Complaint.

## IV. Conclusion

The Court will not allow the discovery floodgates to be opened in hopes that Plaintiffs can find a particular factual basis for their claims at Defendant's expense. The Court's decision on this matter does not conclusively rule that Plaintiffs have no valid cause of action. Rather, Plaintiffs have failed to state a sufficient complaint in compliance with *Twombly* and its progeny. However, Plaintiffs will be given an opportunity to amend their Complaint. Plaintiffs' amended Complaint need not provide entirely new facts, but it must supplement the facts previously given with more detail—e.g., names of the particular comparators, dates of the alleged discriminatory actions, etc.

Accordingly;

IT IS ORDERED that **Defendant's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, or Alternatively, Request for More Definite Statement (Rec. Doc. 7) is GRANTED in part** and **DENIED in part;**

IT IS FURTHER ORDERED that **Defendant's 12(b)(6) Motion to Dismiss for Failure to State a Claim (Rec. Doc. 7)** is **DENIED without prejudice**;

IT IS FURTHER ORDERED that **Defendant's Request for a More Definite Statement (Rec. Doc. 7) is GRANTED**. Plaintiffs shall file an amended Complaint on or before **Thursday, February 1, 2018.**

January 23, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE